UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY JOHNSON,

                Plaintiff,                              Civil Action No.
                                                      05-CV-72240-DT

vs.

                                                      HON. BERNARD A. FRIEDMAN

DAIMLER CHRYSLER SERVICES
NORTH AMERICA, LLC, et al.,

                Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT and GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

        This matter is presently before the court on plaintiff's motion for partial summary judgment [docket entry 19] and defendants' motion for summary judgment [docket entry 22]. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide these motions without oral argument. Accordingly, the hearing scheduled for May 24, 2006, at 2:00 p.m. is canceled.

**A.**

        This is an employment discrimination action in which plaintiff alleges she was discharged in violation of her rights under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*; the Persons With Disabilities Civil Rights Act (PWDCRA), M.C.L. § 37.1202, *et seq.*; and the collective bargaining agreement between her union and defendants. In the motions presently before the court, plaintiff seeks a judgment of liability against defendants on her FMLA claim, while defendants seek summary judgment on all three of plaintiff's claims.

Plaintiff was employed by defendant DaimlerChrysler Services North America (DCS) as a customer service representative until December 7, 2004. On that date, a DCS human resources manager, defendant Farley, discharged plaintiff for failing to report to the human resource office with medical documentation to account for her absence from work during the preceding six weeks. Representatives of plaintiff's union filed a grievance on plaintiff's behalf and negotiated conditions under which plaintiff could return to work. Plaintiff rejected the conditions and this lawsuit ensued.

**B.**

Both parties seek summary judgment on plaintiff's FMLA claim. The court finds that this claim must be decided by a jury because several of the material facts are genuinely disputed. Principally, there is a genuine dispute as to whether plaintiff properly notified defendants that she needed, and was requesting, FMLA leave, and whether she provided defendants with sufficient, timely certification demonstrating that she had a serious health condition, as required by 29 U.S.C. §§ 2612 and 2613. Plaintiff testified at her deposition that she stopped working on October 25, 2004, and that her physician "took me off work" that day because she was under too much stress. Pltf's dep. at 84. Plaintiff indicated that she notified her supervisor, her union, and ESIS (the third-party administrator of DCS's disability plan). *Id.* at 93, 102, 103. Plaintiff also testified that her physician provided ESIS with medical documentation explaining her absence. *Id.* at 128. Defendant contends that plaintiff failed to provide any medical documentation of her disability until December 6, 2004, when plaintiff's father hand-delivered to defendant Farley four physician's notes indicating that plaintiff was totally disabled from October 25 to December 19, 2004, due to generalized anxiety syndrome and obsessive compulsive disorder. *See id.* Ex. 9. Defendant Farley testified that he did

not consider these physician's notes, and that he made no attempt to discover what medical documentation plaintiff may have submitted to ESIS, because plaintiff had failed to appear personally at the human resource office by December 6, 2004, as directed by letter dated November 29, 2004, from a DCS human resource consultant. *See* Farley dep. at 43, 61, 64, 65, 72, 79; pltf's Ex. F. In fact, Farley went so far as to testify that he "did not consider FMLA, because he believed plaintiff was required under the CBA to appear within five days as directed or be terminated. *See* Farley dep. at 99, 105.

On this record, a jury will have to determine whether plaintiff notified defendant that she needed FMLA leave and, if so, whether she supported this request with sufficient and timely medical documentation. A critical piece of information, which neither side explains, is the role played by ESIS, if any, in processing requests for FMLA leave. The parties indicate that ESIS is the third-party administrator of DCS's *disability plan*, Levins aff. ¶ 1, but the record is silent as to whether ESIS also administers, on behalf of DCS, requests by DCS employees for unpaid FMLA leave. Without this information, the significance of plaintiff's communication with ESIS, or the lack thereof, cannot be evaluated. The court notes that DCS's written FMLA policy, attached to defendants' brief as Exhibit B, does not mention ESIS.

Even if it is established that ESIS administers requests by DCS employees for FMLA leave, a jury will have to determine whether ESIS properly notified plaintiff that she was required, by a particular deadline, to submit sufficient medical documentation. Section 2613 states that "[a]n employer may require that a request for [FMLA] leave . . . be supported by a certification issued by the health care provider. . . . The employee shall provide, in a timely manner, a copy of such certification to the employer." It is unclear whether DCS, or ESIS on behalf of DCS, ever notified

3

plaintiff that she was required to submit any documentation to support a request *for FMLA leave* (as opposed to a claim for disability benefits under the DCS disability plan), or that any such documentation had to be submitted by a particular deadline. The letters from ESIS to plaintiff requesting documentation make no reference to FMLA whatsoever and refer instead only to plaintiff's "disability claim" and her claim for "Sickness and Accident" benefits. *See* Johnson dep. Ex. 6; Levins aff. Ex. A.

If it is established that ESIS properly communicated to plaintiff that she was required to submit sufficient medical certification in support of her request for FMLA leave, the jury will have to decide if she succeeded in doing so. Plaintiff testified that her physicians "were providing [ESIS] with all the medical information." Pltf's dep. at 128. In contrast, defendants assert that ESIS received no attending physician statement until December 7, 2004, *see* Levins aff. ¶ 2, although the form in question bears a "faxed" stamp indicating it was faxed three weeks earlier, on November 18, 2004, *see* Levins aff. Exs. A and B. Whether this documentation was submitted "in a timely manner," as required by § 2613, apparently will be for the jury to decide, in light of the fact, based on the evidence presently before the court, that neither ESIS nor DCS ever communicated to plaintiff that any request *for FMLA leave* had to be documented by a particular deadline or in a particular manner. The sufficiency and timeliness of the documentation hand-delivered by plaintiff's father to defendant Farley on December 6, 2004, as well as defendant Farley's decision to ignore it, will also be for the jury to evaluate.

The court also declines to grant defendants' motion on the FMLA claim on the grounds that plaintiff lacks evidence of retaliation. The statute makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under

4

this subchapter."  Section 2615(a)(1).  If the jury finds that plaintiff was entitled to a leave of absence pursuant to the FMLA, and that she gave any notice and certification that defendants may have instructed her to provide, the statute does not require that she prove that defendants "retaliated," but rather that they interfered with, restrained, or denied the exercise of that right.  *See Arban v. West Publ'g Corp.*, 345 F.3d 390, 402 (6th Cir. 2003).  Indisputably, the statute is violated when an employee denies a proper request for FMLA leave and/or discharges an employee who is taking or has taken proper FMLA leave.  The jury will decide this claim.

## C.

Defendants argue they are entitled to summary judgment on plaintiff's PWDCRA claim because it is time-barred.  The parties agree that this claim is subject to a shortened, six-month limitations period contained in plaintiff's employment application.[1]  Defendants reason that because plaintiff was discharged on December 7, 2004, and she did not assert a PWDCRA claim until filing suit in Oakland Circuit Court on June 8, 2005, the claim missed the limitations period by one day.  The court rejects this argument for two reasons.  First, defendant Farley's letter informing plaintiff that she was discharged "[e]ffective December 7, 2004" is dated December 13, 2004.  *See* Pltf's aff. Ex. 11.  Defendants have cited no authority for the proposition that the limitations period begins to run on the date of the employment decision even when, as here, plaintiff had no notice of that decision until several days later.  Second, plaintiff commenced the instant action on June 7, 2005, which is within the limitations period.  Although the instant action initially contained no PWDCRA

---

[1]The operative language states: "I agree that any claim or lawsuit arising out of my employment with . . . DaimlerChrylser . . . must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit."  Dfts' Brief, p. 13.

claim, the complaint was later amended to include such a claim. Pursuant to Fed. R. Civ. P. 15(c)(2), the amendment relates back to the date of the original complaint because the PWDCRA claim "arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." The allegedly late filing in Oakland County Circuit Court is therefore irrelevant. The PWDCRA claim is not time-barred.

However, this claim clearly fails for another reason. The PWDCRA prohibits an employer from discharging or discriminating against an individual "because of a disability . . . that is unrelated to the individual's ability to perform the duties of a particular job or position." M.C.L. § 37.1202(b). Plaintiff's alleged disability is that she suffers from anxiety disorder, obsessive compulsive disorder and major depression. Even assuming that these disorders substantially limit one or more of plaintiff's life activities, as required by M.C.L. § 37.1103(d)(i)(A), and assuming further that defendants discharged her because of these disorders, plaintiff acknowledges that these disorders prevented her from working from approximately October 25, 2004, until March 2005. *See* Pltf's dep. at 84, 91, 98. Because plaintiff was unable to work, she has no claim under the PWDCRA. To the extent plaintiff suggests that defendants had a duty to accommodate her by giving her a leave of absence, the case law is to solidly to the contrary. *See Pernak v. Ashland, Inc.*, 330 F.Supp.2d 890, 896 (E.D. Mich. 2004); *Kerns v. Dura Mech. Components, Inc.*, 242 Mich. App. 1, 16 (2000); *Tranker v. Figgie Intern., Inc.*, 231 Mich.App. 115, 125 (1998); *Ashworth v. Jefferson Screw Prods., Inc.*, 176 Mich. App. 737, 745 (1989). The court shall therefore grant summary judgment for defendants on this claim.

6

**D.**

Plaintiff's final claim, that defendants breached the collective bargaining agreement (CBA) by discharging her without just cause, fails for the simple reason that the complaint does not name the union as a defendant.  As defendants correctly argue at pages 18-19 of their brief, such a claim must include the allegation that plaintiff's union breached its duty of fair representation.  *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554 (1976); *Vaca v. Sipes*, 386 U.S. 171 (1967).  As plaintiff makes no such allegation, the claim for breach of the CBA is untenable.

**E.**

For the reasons stated above,

IT IS ORDERED that plaintiff's motion for partial summary judgment is denied.

IT IS FURTHER ORDERED that defendants' motion for summary judgment is denied as to Count I (FMLA claim) but granted as to Counts II and III (PWDCRA and CBA claims). The case shall proceed to trial on plaintiff's FMLA claim only.

  s/Bernard A. Friedman
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: May 19, 2006
      Detroit, Michigan

I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.

    /s/ Patricia Foster Hommel
    Patricia Foster Hommel
    Secretary to Chief Judge Friedman